UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

JTS/SIMMS, LLC  
a New Mexico Limited Liability company

Case No. 11-07-12153 SA  
Chapter 11

      Debtor,

JTS/SIMMS, LLC,

      Plaintiff,

v.

Adv. Pro. 07-01132 s

SIMMS BUILDING, INC.,  
a New Mexico corporation,

      Defendant.

**MOTION IN LIMINE**

COMES NOW Sims Building, Inc., and as and for a Motion in Limine does state:

1. The Purchase and Sale Agreement is for the building which the Debtor claims to be an asset of its estate, commonly known as the Simms Building. There was not a contract between the Debtor and the Defendant. A contract was entered into by and between JTS Properties, LLC, Buyer, and Simms Building, Inc., as Seller. That Contract in paragraph 26 specifically provides that the contract may not be assigned without the written consent of the other party. There is, nor has there been produced, any assignment of the contract. On or about the date of closing, the Debtor apparently directed the title company to prepare a deed on this property from the Seller to itself. The sale closed on or about May 23, 2006. At the closing there was no assignment of any tenant leases, and the only mention of tenant leases in the original Purchase Contract was that the leases, upon closing, be transferred to (the Sellers interest in the tenant leases) to JTS Properties, LLC, which is not the Debtor in this case. All of the funds in question in this case are property of the Seller.

2. Terms of the sales agreements between the non-debtor and the seller provided that taxes assessments, fees, insurance, rents, security deposits and related expenses would all be prorated as of the closing date. The parties had provided for an adjustment of those amounts outside of the escrow set up for the closing of the real property. The Closing Statement on the real property does not in any way deal with pro-rations as to rentals or other sums due. If there was rentals due by various tenants to, Simms Building, Inc., prior to the date of closing. There is also due to Simms Building, Inc., or its contractor, Armstrong Brothers, funds for additional tenants improvements separately contracted for and placed in the building and due under a promissory note. The promissory note was at no time ever assigned to the Buyer nor was it covered by the sale contract, nor was it ever in any other way transferred to the Purchaser.

3. A substantial amount of the funds, referenced herein, were collected prior to the time of the filing of the Petition. Some were collected following the filing of the Petition.

4. The Debtor's rental agent acted as rental agent for the property prior to the filing of the Petition under a contract and after filing of the Petition under a contract, and subject to a court order.

5. At no time in the verified Complaint has the Plaintiff Debtor alleged that it is entitled of offset any funds that may be due it either to pre or post petition against any funds due to Simms Building, Inc. As a matter of law, it is impossible to offset pre-petition claims against post-petition claims as they lack mutuality debt and credit.

6. In addition, at the pre-trial conference in this case, the Court ordered the parties to cooperate in discovery and turn over all documents relevant to the case. Both parties did in fact comply. However, Plaintiff in furnishing its trial exhibits furnished additional documents not heretofore furnished to the Defendant being specifically, Exhibit C, a letter from Gary

Armstrong dated May 25, 2007 to the title company, and Exhibits P and L.

7. The only causes of action herein deal with stay violation or conversion, interference with contract, similar offset is not plead.

8. David Thuma has been contacted and in regard to this matter and parties have been unable to discuss this as Mr. Thuma has been out of town.

WHEREFORE, Defendants asks that the exhibits referenced to that were not heretofore produced in discovery as required, which apparently relate to an issue not plead, be stricken and not allowed in evidence, and for such other and further relief as the Court be deemed just in the premises.

Respectfully submitted,

**/s/ Jennie D. Behles**
Jennie Deden Behles
Behles Law Firm, PC
202 Central Avenue, S.E. Suite A-100
P.O. Box 7070
Albuquerque, NM 87194-7070
Phone: (505) 242-7004
Fax: (505) 242-7066

I certify that I sent a true and correct copy of the foregoing to the parties listed herein below on 3rd day of June, either via regular mail as listed above, or through the Court's electronic noticing system, depending upon whether or not that party is subscribed to the CM/ECF system.

| | |
|---|---|
| Robert H. Jacobvitz | William Arland, III |
| Jacobvitz, Thuma & Walker | Rodey, Dickason, Sloan, Akin & Robb, PA |
| 500 Marquette NW, Suite 650 | PO Box 1357 |
| Albuquerque, NM 87102 | Santa Fe, NM 87504-1357 |

By: /s/ Tammi R. Williams
    Tammi R. Williams

Simms MotionIn Limine 060308.wpd