```
                    UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF NEW MEXICO
```

In re:
JTS/SIMMS, LLC
a New Mexico Limited Liability Company,
           Debtor.                        No 7-07-12153 SA

JTS/SIMMS, LLC,
           Plaintiff,

v.                                        Adv. No. 07-1132 S

SIMMS BUILDING, INC.,
a New Mexico Corporation,
           Defendant.

### MEMORANDUM OPINION AFTER TRIAL

　　　　This matter came before the Court for trial on the merits of Plaintiff's complaint for damages and injunctive relief.  After trial Plaintiff's secured creditor obtained relief from the automatic stay and substantially all of Debtor's assets were abandoned.  The case then converted to Chapter 7 and a Chapter 7 Trustee is now completing administration of what remains.  For the reasons set forth below, the Court finds that this adversary proceeding should be dismissed.

### FACTS

1.   Defendant and Plaintiff executed a Purchase and Sale Agreement that transferred a building in downtown Albuquerque to Plaintiff.  Defendant was the seller.

2.   Plaintiff failed to prove damages resulting from any violations of the automatic stay.

3.   Plaintiff failed to prove that Defendant converted any property belonging to the estate or from the estate.  At

most, Plaintiff proved that certain unknown third parties took some personal property "from the estate." The property taken had not been purchased from Defendants as part of the Purchase and Sale Agreement.

4. Plaintiff failed to prove any damages flowed from Defendant's actions relating to tenant leases. In fact, Defendant collected approximately $11,000 from tenants and turned that money over to Plaintiff.

5. The related bankruptcy case converted from Chapter 11 to Chapter 7 and ceased business operations. The injunctive relief sought is therefore moot.

6. The Chapter 7 Trustee has not intervened in or substituted in as a party in this adversary proceeding.

7. Defendant alleged no counterclaim.

**CONCLUSIONS OF LAW**

1. This adversary proceeding, when it was commenced, was a core proceeding. 28 U.S.C. § 157(b)(2).

2. The primary focus of Plaintiff's complaint is for sanctions for Defendant's alleged automatic stay violations. See 11 U.S.C. § 362.

3.  Section 362(k)(1) provides, in part, "an individual[1] injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

4.  The function of the automatic stay is to stop collection efforts against a debtor, outside of the bankruptcy proceeding: It gives the debtor a "breathing spell" in order to reorganize her financial affairs. And, it prohibits harassment of the debtor. See, Budget Service Co. v. Better Homes of Virginia, Inc., 804 F.2d 289, 292 (4th Cir.1986). But, the stay does not shield the debtor from all the vicissitudes, aggravations and anxiety of everyday life. (When it rains, debtors protected by the automatic stay get wet). Thus, the Code prescribes a sanction only in two conjunctive circumstances: (1) injury to the debtor; (2) caused by a "willful" violation of the stay. In re Hamrick, 175 B.R. 890, 893 (W.D. N.C. 1994).

In re Peterson, 297 B.R. 467, 470 (W.D. N.C. 2003). Therefore, it is appropriate to determine if there are any injuries before delving into the willfulness of an alleged stay violation.

5.  Proving no damages, Plaintiff is entitled to no relief. See In re Dunn, 202 B.R. 530, 531 (Bankr. D. N.H. 1996)("The movants, the debtors herein, have the burden of proof with

---

[1]There is a split in the Courts whether a corporation or partnership is an "individual" that can seek relief under § 362(k)(1). See, e.g., Maritime Asbestosis Legal Clinic v. LTV Steel Co., Inc. (In re Chateaugay Corp.), 920 F.2d 183, 185 (2nd Cir. 1990). The Court does not need to decide the issue in this case because it finds no damages.

Page -3-

Case 07-01132-s   Doc 34   Filed 10/14/09   Entered 10/14/09 14:51:47   Page 3 of 5

regard to showing that there was a violation of the automatic stay, that the violation was willful, that the willful violation caused the movants to suffer harm and incur damages, and then to show what relief is appropriate.")

6. A stay violation damage award cannot be based on "mere speculation, guess, or conjecture." <u>Archer v. Macomb County Bank (In re Archer)</u>, 853 F.2d 497, 499 (6th Cir. 1988) (quoting <u>John E. Green Plumbing & Hearing Co v. Turner Construction Co.</u>, 742 F.2d 965, 968 (6th Cir. 1984), <u>cert. denied,</u> 471 U.S. 1102 (1985)). In this case, Plaintiff proved no damages and any damage calculation would be speculative.

7. A bankruptcy court has jurisdiction over disputes regarding alleged property of the bankruptcy estate at the outset of the case. <u>In re Xonics, Inc.</u>, 813 F.2d 127, 131 (7th Cir. 1987). When property leaves the bankruptcy estate, however, the bankruptcy court's jurisdiction typically lapses, <u>In re Hall's Motor Transit Co.</u>, 889 F.2d 520, 523 (3d Cir. 1989); <u>In re Xonics, Inc.</u>, 813 F.2d at 131; <u>In re Muller</u>, 72 B.R. 280, 284 (C.D. Ill. 1987), <u>aff'd</u>, 851 F.2d 916 (7th Cir. 1988), <u>cert. denied</u>, 490 U.S. 1007, 109 S.Ct. 1645, 104 L.Ed.2d 160 (1989), and the property's relationship to the bankruptcy proceeding comes to an end. <u>See</u> <u>In re Hall's Motor Transit Co.</u>, 889 F.2d at 523. Thus, the bankruptcy court lacks related jurisdiction to resolve controversies between third party creditors which do not involve the debtor or his property unless the court cannot complete administrative duties without resolving the controversy. <u>In re Shirley Duke Assocs.</u>, 611 F.2d 15, 18 (2d Cir.1979).

Gardner v. United States (In re Gardner), 913 F.2d 1515, 1518 (10th Cir. 1990). Any issues from this adversary proceeding that are still alive are between Defendant and Debtor's secured creditor. The bankruptcy court lacks jurisdiction to determine third party disputes. This adversary proceeding should be dismissed.

**CONCLUSION**

The Court will enter an Order dismissing this adversary proceeding.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: October 14, 2009

copies to:

David T Thuma
500 Marquette Ave NW Ste 650
Albuquerque, NM 87102-5309

Jennie D Behles
PO Box 7070
Albuquerque, NM 87194-7070